**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

1. MARCI D. WALKINGSTICK DIXON, )
)
Plaintiff, )
)
v. ) CIV-2019- 391-KEW
)
1. STATE OF OKLAHOMA, ex rel the ) JURY TRIAL DEMANDED
Regional University System of the )
Oklahoma Board of Regents d/b/a )
Northeastern State University, )
)
Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Marci D. Walkingstick Dixon, and for her cause of action herein alleges and states as follows:

## PARTIES

1. The Plaintiff is Marci D. Walkingstick Dixon, an adult Native American who now resides outside of the State of Oklahoma.

2. The Defendant is STATE OF OKLAHOMA, *ex rel* the Regional University System of the Oklahoma Board of Regents d/b/a Northeastern State University. The Northeastern State University is principally located in Cherokee County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on gender, race and disability discrimination and retaliation as prohibited by Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is granted by 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. Jurisdiction over the state law claims is granted by 28 U.S.C. § 1367(c).

4. The Regional University System of Oklahoma is headquartered in Oklahoma County, Oklahoma. Venue is appropriate in Oklahoma County pursuant to 42 U.S.C. § 2000e-5(f)(3) and the Defendant may be served in that County under 42 U.S.C. §1391(b). Oklahoma County, Oklahoma, is in the Western District of the United States District Courts for Oklahoma.

## STATEMENT OF FACTS

5. Plaintiff is a Native American female with a disability employed by the Defendant through Northeastern State University from approximately September 16, 2013, until her wrongful termination on or around August 16, 2018.

6. The Defendant is the STATE OF OKLAHOMA, *ex rel* the Regional University System of the Oklahoma Board of Regents d/b/a Northeastern State University. Defendant at all times employed more than fifteen (15) employees in each week of the year of and the year prior to Plaintiff's termination.

7. Plaintiff is a disabled person with a disability as defined by the Americans With Disabilities Act as Amended which definition is incorporated into the Oklahoma Anti-Discrimination Act (ADA). Plaintiff's disability is a seizure disorder, which causes Plaintiff to suffer from multiple seizures. Such disability is a substantial impairment and limitation on the Plaintiff's neurological bodily system and, when active and without remediation, totally incapacitates Plaintiff during the period of seizures. Because of this disorder, Plaintiff is disabled under all three prongs including having an actual disability, a record of a disability, and/or Defendant perceived Plaintiff as being disabled.

8. During Plaintiff's employment with Defendant, she worked as the Director of Enterprise Systems Information Technology Services.

9. Throughout her employment, Plaintiff possessed all necessary job qualifications and regularly exceeded performance expectations.

10. During Plaintiff's employment, Plaintiff was the only female American Indian supervisor within her department.

11. Plaintiff experienced harassment and differential treatment from her supervisor, Dr. Richard Reif, Chief Information Officer/Director of IT, including but not limited to, offensive comments such as "I don't want you going on a warpath" and "[l]ets have a pow wow", and differential treatment due to her gender. The harassment Plaintiff experienced was objectively and subjectively offensive, and materially altered the terms and conditions of her employment by making Plaintiff upset and reluctant to interact with her supervisor.

12. On or around January 22, 2018, Plaintiff requested a meeting with the University's Title IX Coordinator Compliance Officer, Allan Ford. During Plaintiff's meeting with Mr. Ford, Plaintiff complained of and reported the harassment and differential treatment Plaintiff experienced due to being a female American Indian.

13. To Plaintiff's knowledge, no remedial action was taken in response to her complaints.

14. Following Plaintiff's protected complaints, Dr. Reif became increasingly confrontational and combative toward Plaintiff, including but not limited to, isolating Plaintiff in the workplace, ignoring Plaintiff's questions, comments

and or concerns and refusing to meet with Plaintiff to perform work requirements.

15. On or around May 4, 2018, Plaintiff submitted a formal complaint against her direct supervisor, Dr. Richard Reif, to the University's human resources department (Jean Logue, Director of Human Resources and Monica Barnett, Assistant Director of Human Resources) and to Christy Landsaw, Vice President of Administration and Finance. Within her formal complaint, Plaintiff reported the hostile work environment created by Dr. Reif's continued harassment and differential treatment.

16. On or around July 12, 2018, Plaintiff was admitted to the hospital for seizures.

17. On or around July 14, 2018, Plaintiff was discharged from the hospital, but was not immediately released to return to work due to the severity of her seizures.

18. On or around July 17, 2018, Plaintiff met with the cardiologist who released her to return to work on or about July 19, 2018.

19. Plaintiff returned to work on or around July 19, 2018, and Monica Barnett, Assistant Director of Human Resources, instructed Plaintiff to fill out FMLA documentation. Ms. Barnett stated "[t]his is for your protection". At Ms. Barnett's direction, Plaintiff immediately filled out and submitted all necessary FMLA paperwork. On or around August 15, 2018, Plaintiff's FMLA paperwork was approved.

20. On or around July 20, 2018, following Plaintiff's May 4, 2018, formal complaint, Shelia Self, Assistant Vice President of Student Affairs, and Briana Clifton Drury, General Counsel of the President's Office, requested a meeting

with Plaintiff to discuss Plaintiff's reports of a hostile work environment and differential treatment. To Plaintiff's knowledge, no remedial action was taken following this meeting.

21. On or around August 16, 2018, approximately one (1) day after Plaintiff's FMLA request was approved, Plaintiff received a meeting request from Christy Landsaw, Vice President of Administration and Finance and Jean Logue, Director of Human Resources. During this meeting, Ms. Landsaw stated "[y]our employment is ending today" due to alleged performance issues. No additional details were provided.

22. The reason given was pretextual in that Plaintiff was fully performing all duties. The real reason for Plaintiff's involuntary termination was Plaintiff's disability (including having an actual disability, a record of a disability, and/or because Respondent perceived me as being disabled) and the leave necessary to accommodate that disability, Plaintiff's race (Native American) and gender, and Plaintiff's complaints of discrimination, retaliation and of a hostile working environment.

23. Discrimination based on race and gender is prohibited by Title VII of the Civil Rights Act and by the correspondent provisions of the Oklahoma Anti-Discrimination Act (OADA).

24. Retaliation for reporting race and gender discrimination is prohibited by the opposition and participation clauses of Title VII and by the corresponding provisions of the OADA.

25. Discrimination based on disability and the need for a disability accommodation is prohibited by the ADAA and by the corresponding

provisions of the OADA.

26. As the direct result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered injury in the form of lost earnings and benefits, including retirement which was to vest within approximately one month after her termination, as well as emotional distress in the form of embarrassment, worry, and similar unpleasant emotions for which the Plaintiff is entitled to compensation.

27. Under Title VII, Plaintiff seeks compensation for lost earnings and benefits as well as emotional distress in the form of embarrassment, worry, and similar unpleasant emotions.

28. Under the OADA, Plaintiff seeks compensation for lost earnings and benefits as well as liquidated damages in an amount equal to her actual damages.

29. Plaintiff filed a charge of discrimination with the EEOC on or about October 14, 2018, which was within sixty (60) days of her wrongful termination. On August 12, 2019, the EEOC transferred Plaintiff's claim to the Department of Justice and on or about October 10, 2019, the Department of Justice issued the Plaintiff a right to sue letter. Plaintiff has filed her suit within less than thirty (30) days of receipt of the right to sue letter. By these actions Plaintiff has satisfied all administrative requisites of state and federal law.

## PRAYER

**WHEREFORE**, Plaintiff prays that she be awarded her actual and liquidated damages herein, together with costs, pre- and post-judgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF NOVEMBER, 2019.**

s/ Mark Hammons

Hammons, Hurst & Associates
Mark Hammons, OBA No. 3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Amberashby@hammonslaw.com
*Attorney for Plaintiff*

JURY TRIAL DEMANDED