## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

MARCI D. WALKINGSTICK DIXON,    )
                                )
                Plaintiff,      )
                                )
v.                              )    Case No. CIV-19-391-KEW
                                )
STATE OF OKLAHOMA, ex rel.      )
the Regional University System  )
Of the Oklahoma Board of        )
Regents d/b/a Northeastern      )
State University;               )
RICHARD REIF, individually;     )
SHEILA SELF, individually;      )
BRIANA CLIFTON-DRURY,           )
individually,                   )
                                )
                Defendants.     )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Docket Entry #31). In this action, Plaintiff alleges that she was employed by Northeastern State University from September 16, 2013 through August 16, 2018 and that she was subjected to gender, race, and disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. She also contends that Defendant Dr. Richard Reif retaliated against her for exercising her rights under the Family Medical Leave Act ("FMLA").

In its answer to the Amended Complaint filed February 28,

2020 (Docket Entry #21), Defendant State of Oklahoma asserted seven separate affirmative defenses. Plaintiff challenges the fifth defense which states, "NSU reserves and does not waive any defenses available under all federal and state laws" and the seventh defense which provides, "NSU reserves the right to amend and supplement these defenses as Discovery proceeds."

Plaintiff contends these "defenses" do not provide the required notice of Defendant's intended defenses to allow her to prepare her case and proceed in discovery. This Court perceives no extra effort or expense associated with the inclusion of these reservations since they do not include any substantive defenses requiring discovery and leave mut be sought under Fed. R. Civ. P. 15 with its limitations and requirements. What Defendant characterizes as a "right to amend" is, in fact, must take the form of a request for leave to amend. While such a reservation is unnecessary and superfluous and in no way constitutes actual affirmative defenses, striking them is equally unnecessary and potentially prejudicial to Defendant. Striking these reservations, however, could have the unintended consequence of precluding Defendant's ability to seek leave to amend through collateral estoppel or res judicata. To that end, this Court agrees with our sister court in finding it unnecessary to strike

these reservations and "clutter the Court file even further with unnecessary documents." <u>Schlottman v. Unit Drilling Co., LLC</u>, 2009 WL 1764855, at *2 (W.D. Okla. June 18, 2009).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Affirmative Defenses (Docket Entry #31) is hereby **DENIED**.

IT IS SO ORDERED this 3rd day of December, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE