## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARCI D. WALKINGSTICK DIXON,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **Case No. CIV-19-391-GLJ** |
| **STATE OF OKLAHOMA, ex rel. Regional University System of the Oklahoma Board of Regents d/b/a/ Northeastern State University,** | ) ) ) ) ) | |
| **Defendant.** | ) ) | |

## ORDER

This matter comes before the Court on motions in limine by both Plaintiff and Defendant, State of Oklahoma ex rel. the Regional University System of the Oklahoma Board of Regents d/b/a Northeastern State University ("NSU"). For the reasons set forth below, the Court finds that Plaintiff's Proposed Motions in Limine with Authority [Docket No. 133] is GRANTED and that Defendant's First Set of Motions in Limine [Docket No. 134] is GRANTED IN PART and DENIED IN PART.

### PROCEDUREAL HISTORY

Plaintiff filed her original Complaint on November 15, 2019 and then filed an Amended Complaint on February 4, 2020 [Docket Nos. 2 and 13]. On March 29, 2023, the Court issued an Order granting Defendant Richard Reif's Motion for Summary Judgement and Brief in Support [Docket No. 115] and granting in part and denying in part

NSU's Motion for Summary Judgment and Brief in Support [Docket No. 114]. The Court subsequently denied Plaintiff's Motion for Reconsideration with Authority [Docket Nos. 137 & 148]. The only claim remaining for trial is Plaintiff's race and gender hostile work environment claim under Title VII of the Civil Rights Act of 1964 [Docket Nos. 126 & 148].

Plaintiff filed her Proposed Motions in Limine with Authority to exclude any reference to any parties and any of her claims that were dismissed from the case [Docket No. 133]. NSU's First Set of Motions in Limine seeks the exclusion of any evidence or reference to: Plaintiff's dismissed claims; her termination, damages related to her termination, and the appeal of her termination and the decision regarding unemployment benefits; damages related to her dismissed claims; and NSU's investigation notes [Docket No. 134].

## ANALYSIS

### I.  Applicable Law

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c); cf. Fed. R. Civ. P. 12(e)).  As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010) (internal

quotations omitted); *see also Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, 2012 WL 503510 *4 (D. Colo. Feb. 15, 2012) ("The purpose of a motion in limine is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial.").   Motions in limine "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. Dist. of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quotation marks omitted).

To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004).   "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).   However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). Alternatively, a judge may decline to rule on an issue raised via limine motion, preferring to "await developments at trial before [so] ruling" to allow the "decision [to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d at 11 (quotation marks and citations omitted).

## II.       Plaintiff's Motion in Limine

Plaintiff seeks to exclude all questions, evidence, arguments, and related matters regarding all claims and parties dismissed from the case. *See* Docket No. 133. NSU did not oppose or respond to Plaintiff's Motion and, in fact, also seeks to exclude all evidence and any reference to Plaintiff's dismissed discrimination, retaliation, FMLA, and Rehabilitation Act claims. *See* Docket No. 134 at pp. 3-4 and 9-10.

Case law does not support the admission of evidence related to dismissed claims and dismissed parties as it lacks probative value, will likely confuse the jury, waste time, and risk unfair prejudice. *Bryce v. Trace, Inc.*; WL 906143 *3 (W.D. Okla. March 31, 2008) (granting motion in limine to exclude reference to claims resolved by summary judgment or dismissed because "shielding such matters from the jury is common practice"); *see also Allen v. Springville City*, 388 F.3d 1331, 1335 (10th Cir. 2004) (affirming exclusion of evidence relevant only to a dismissed claim); *Slappy v. City of Detroit*, 2021 WL 2986284 *2 (E.D. Mich. July 15, 2021) (citations omitted); *King v. Catholic Charities of Northwest Florida, Inc.*, 2018 WL 3848819 *2 (N.D. Fla. Aug. 12, 2018) (citations omitted). Accordingly, Plaintiff's Motion in Limine with Authority [Docket No. 133] is granted and all evidence regarding any dismissed claims and parties shall be excluded at trial.

## III.       NSU's Motions in Limine

### 1. *Plaintiff's Discrimination and Retaliation Claims.*

NSU seeks to exclude all arguments, statements or suggestions that it discriminated against Plaintiff, retaliated against Plaintiff for her January and May 2018 complaints,

4

discriminated against her in terminating her, and used the investigation into her complaints to find reasons to terminate her. Rather than address NSU's motions in limine individually, Plaintiff's response lumps most of them into a single response without any reference to the specific issues raised. As best the Court can determine, Plaintiff asserts generally that NSU fails to meet its burden of demonstrating the evidence is inadmissible on any ground, including whether it is relevant to the background of the case, is probative of bias and credibility, or represents evidence of the hostile environment. Plaintiff also fails to distinguish what evidence or arguments would be excluded by NSU's limine motion that would not be excluded by her own.

Plaintiff's hostile work environment claim is to be assessed on the totality of the circumstances. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). As noted above, the Court has already determined that evidence of the dismissed claims and parties is excluded on Plaintiff's limine motion. The arguments NSU seeks to exclude under motion in limine Number 1 are narrowly focused and are inadmissible on any ground. Arguments that Plaintiff was discriminated or retaliated against plainly fall within the dismissed claims. Similarly, any argument that the investigation was some sort of subterfuge to find reasons to terminate her is based on alleged facts not known to Plaintiff during her employment and, thus, could not have contributed to a hostile environment. *See e.g.*, *Hirase–Doi v. U.S. West Comm'ns.*, 61 F.3d 777, 782 (10th Cir. 1995) (abrogated on other grounds) (a plaintiff claiming hostile work environment can only rely on evidence "relating to the harassment of which she was aware during the time that she was allegedly subject to a hostile work environment"). In response, Plaintiff does not identify how any of these

5

arguments might be necessary as background information, might be probative of bias or credibility or is admissible evidence of the hostile environment. Therefore, NSU's motion in limine Number 1 is granted and Plaintiff may not argue or make statements that: she was discriminated against at or in her termination from NSU; she was retaliated against for making the January and May 2018 complaints; and that NSU used its investigation against Plaintiff to find reasons to terminate her.

2. *Damages Related to Plaintiff's Termination.*

NSU seeks to exclude evidence related to any damages resulting solely from her termination, including her NSU salary, medical issues resulting from her termination, pain and suffering she incurred after her termination, lost wages and benefits, and her current salary. Plaintiff does not appear to directly address the issue of damages resulting solely from her termination, but argues that damages after her termination are relevant and admissible.

Because Plaintiff's claim for discrimination in her termination was dismissed, there is no probative value in any evidence related to any damages she suffered exclusively because of or related to such termination. NSU, however, also seeks the exclusion of any evidence of pain and suffering Plaintiff incurred after her termination. NSU does not show that such evidence is inadmissible for any potential grounds. For example, such evidence could be relevant to Plaintiff's damages for the hostile environment and it is not obvious that any potential prejudice outweighs its probative value. Therefore, NSU's motion in limine Number 2 is granted in part and denied in part. Evidence of Plaintiff's damages resulting solely from her termination is excluded. The Court defers a decision as to the

admissibility of evidence of pain and suffering incurred after Plaintiff's termination "until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners*, 831 F.Supp. at 1400.

   *3. Plaintiff's Termination.*

   NSU seeks to prohibit Plaintiff from referring to or indicating that she was terminated from NSU. NSU concedes, however, that the fact Plaintiff is no longer employed by NSU is a relevant fact, arguing that some description other than termination be used to inform the jury of this background fact. *See* Docket No. 134 at p. 6. Plaintiff argues that the jury cannot understand the context of the case without knowing that she was terminated by NSU, but offers no explanation as to why it is necessary to specifically inform the jury she was "terminated."

   The Court agrees that the fact Plaintiff is no longer a NSU employee is a relevant and necessary background fact, but also concludes that specifically referring to her termination has minimal relevance and is highly prejudicial and could likely confuse or mislead the jury. Fed. R. Evid. 403. Plaintiff's termination has already been ruled as based on non-discriminatory reasons, so whatever relevance Plaintiff's termination has is minimal and is only useful for background and context purposes. The prejudice and likely confusion of the jury, however, are significant. Therefore, NSU's motion in limine Number 3 is granted in part and denied in part. Evidence or argument regarding Plaintiff's termination from NSU may not be admitted, but the parties are directed to confer and agree upon a description of Plaintiff's departure from NSU that is mutually acceptable and conforms to this Order.

4. *Evidence Related to Plaintiff's Termination.*

NSU seeks to exclude evidence related solely to Plaintiff's termination. It appears Plaintiff opposes this motion in limine on the basis that the facts in various documents identified by NSU are probative of the bias and the credibility of NSU witnesses. Much of the referenced evidence, however, involve documents about which Plaintiff was unaware when she was employed by NSU and, thus, cannot be probative of her hostile environment. Other documents appear to be correspondence to Plaintiff regarding the fact of and the grounds for her termination. As previously discussed, the Court already found Plaintiff's termination to be based on non-discriminatory grounds and, thus, irrelevant to her remaining claim. Therefore, NSU's motion in limine Number 4 is granted.

5. *Evidence Related to Plaintiff's Termination Appeal and OESC Hearing.*

NSU seeks to exclude evidence related solely to the appeal of Plaintiff's termination and proceedings related to the appeal of her unemployment benefits determination. NSU asserts this information is inadmissible because facts surrounding Plaintiff's termination are irrelevant. Plaintiff does not appear to address this category specifically other than to assert she does not intend to use the termination appeal process or OESC documents at trial. *See* Docket No. 143 at p. 7.

As set forth above, based on the Court's conclusion that Plaintiff's termination was based on non-discriminatory reasons, any potential relevance of these facts is slight and the risk of prejudice and jury confusion is high. Fed. R. Evid. 403. Furthermore, Plaintiff indicates she does not intend to introduce this evidence at trial. Therefore, NSU's motion

in limine Number 5 is granted and Plaintiff may not introduce evidence related solely to her termination appeal or OESC hearing.

6. *Evidence and Damages Related to Plaintiff's Rehabilitation Act Claims.*

NSU seeks to exclude arguments, statements or suggestions that NSU discriminated against Plaintiff based on her being disabled.  Plaintiff does not appear to specifically address this issue.

The Court dismissed Plaintiff's discrimination and retaliation claims under the Rehabilitation Act.  *See* Docket No. 126 at pp. 30-36.  Any arguments related to the claims or damages for such claim are irrelevant.  Therefore, NSU's motion in limine Number 6 is granted.

7. *Evidence and Damages Related to Plaintiff's FMLA Claims.*

NSU seeks to exclude arguments or evidence related to Plaintiff's FMLA request, FMLA reports, FMLA notices, and FMLA hours.  NSU also seeks to exclude evidence that Dr. Reif made comments about her health and attempted to look at Plaintiff's FMLA paperwork, and that NSU employees held a meeting to examine an exception to Plaintiff's FMLA request.  Plaintiff asserts she does not intend to offer evidence related to her FMLA usage.

While Plaintiff does not specifically address the issue, the Court notes that NSU seeks to exclude any comments by Dr. Reif regarding Plaintiff "figuring out" her health. At this stage, the Court cannot say that such evidence is inadmissible on any grounds, as it is possible such evidence could be relevant to the totality of the circumstances comprising a hostile environment.  Therefore, NSU's motion in limine Number 7 is granted in part and

denied in part.  Evidence related to Plaintiff's FMLA requests and usage are excluded.  The Court defers a decision as to the admissibility of evidence regarding any statements by Dr. Reif as to Plaintiff's health until trial so it may evaluate such evidence in the proper context.

8. *Defendant's Investigation Notes as Impermissible Hearsay.*

NSU seeks to exclude handwritten notes from NSU investigators Dr. Sheila Self and Briana Clifton as hearsay.  Plaintiff argues that the notes relate to NSU's findings in its investigation of her complaint, may go to any notice NSU had, and may be subject to various hearsay exceptions.  It is not clear to the Court how the handwritten notes may be used at trial, the source of the information therein and the relationship such information may have to Plaintiff's hostile environment claim such that it can conclude that the notes are inadmissible on any grounds.  Therefore, the Court defers a decision as to the admissibility of the handwritten notes until trial so it may evaluate such evidence in the proper context.

**CONCLUSION**

Accordingly, as set forth herein, Plaintiff's Proposed Motions in Limine with Authority [Docket No. 133] is GRANTED and Defendant's First Set of Motions in Limine [Docket No. 134] is GRANTED IN PART and DENIED IN PART.

DATED this 8th day of June, 2023.

_____

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**