IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCI D. WALKINGSTICK DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-391-GLJ |
| ) | |
| STATE OF OKLAHOMA, *ex rel.* the ) | |
| Regional University System of the ) | |
| Oklahoma Board of Regents d/b/a ) | |
| Northeastern State University, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter comes before the Court on motion by Plaintiff Marci D. Walkingstick Dixon to quash certain pending subpoenas duces tecum Defendant issued to non-parties. Specifically, Defendant issued subpoenas duces tecum to two of Plaintiff's subsequent employers seeking her complete personnel files. For the reasons set forth below, Plaintiff's Motion to Quash Subpoenas ("Motion to Quash") [Docket No. 162] is hereby GRANTED.

### BACKGROUND

Plaintiff filed her original Complaint in this case on November 15, 2019, then filed an Amended Complaint on February 4, 2020. *See* Docket Nos. 2, 13. Plaintiff alleged claims of gender discrimination, race discrimination, retaliation, and hostile work environment as to Northeastern State University ("NSU") in violation of Title VII, claims

against NSU for discrimination and retaliation in violation of the Rehabilitation Act, and a claim against Dr. Reif for retaliation for use of FMLA leave.

On March 29, 2023, the Court granted Dr. Reif's Motion for Summary Judgement, dismissing him entirely, and granted in part Defendant NSU's Motion for Summary Judgment, dismissing all claims against NSU except for Plaintiff's hostile work environment claim pursuant to Title VII. *See* Docket No. 126.

Although the Seventh Amended Scheduling Order provided a discovery cutoff date of February 6, 2023, NSU served document subpoenas on Pima Community College in Tucson, Arizona and Yavapai College[1] on or around December 29, 2023. *See* Docket No. 161. Although the Notice included two copies of the document subpoena served on Yavapai College, both subpoenas apparently seek the production of the "Complete Personnel File of Marcia Walkingstick Dixon, including but not limited to accommodation requests, all performance evaluations, leave requests, compensation, and complaints made by or about Plaintiff Dixon." *See* Docket No. 161. Such documents were to be produced to the Oklahoma Attorney General's Office in Oklahoma City, Oklahoma on January 19, 2024. *Id*.

On January 4, 2024, Plaintiff's counsel contacted NSU's counsel indicating Plaintiff's objection to the subpoenas and requesting a meet and confer. *See* Docket No. 162. NSU's counsel neither responded to Plaintiff's request, *id*., nor apparently notified the subpoenaed entities of Plaintiff's objection. Pima Community College and Yavapai

---

[1] Although not identified on the subpoena duces tecum or the notice, the Court presumes the subpoena directed to Yavapai College is Yavapai College in Yavapai County, Arizona.

College produced documents pursuant to the subpoenas on January 10 and 11, 2024, respectively. See Docket No. 164. On January 10, 2024, Plaintiff filed her Motion to Quash, seeking to quash the subpoenas as irrelevant and exceeding the appropriate scope of discovery in this case. See Docket No. 162.

## ANALYSIS

A subpoena duces tecum issued to a third party is "discovery" within the meaning of the Federal Rules of Civil Procedure. *Rice v. U.S.*, 164 F.R.D. 556, 556–57 (N.D.Okla.1995). Indeed, NSU's Response concedes it was seeking discovery through the two subpoenas duces tecum. See Docket No. 164, pp. 2-4. Accordingly, discovery conducted pursuant to a Rule 45 subpoena must be concluded by the deadline specified in the court's Scheduling Order. *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D.Okla.2001); *Rice*, 164 F.R.D. at 558. "Rule 45 subpoenas sought after the discovery cut-off date are improper attempts to obtain discovery beyond the discovery period and should be quashed on this basis." *Alfwear, Inc. v. Kulkote, LLC*, 2020 WL 4196446, at *2 (D. Utah July 21, 2020) (citing *Hickey v. Myers*, 2013 WL 2418252, at *5 (N.D.N.Y. June 3, 2013) ("When a party issues subpoenas after the discovery deadline has passed to obtain documents the party was aware of before the discovery cutoff date, the subpoenas and discovery requests should be denied.")); *see also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed.). "Regardless of the moving party's standing to challenge a subpoena directed to a nonparty, courts possess the inherent power to quash an untimely subpoena." *Dedmon v. Continental Airlines, Inc.* 2015 WL 1740095, at *2 (D. Colo. April 14, 2015) (citing *Galloway v.*

*Islands Mechanical Contractor, Inc.*, 2013 WL 163985, *4 (D. V.I. Jan. 14, 2013); *Peterbilt of Great Bend, LLC v. Doonan*, 2006 WL 3193371, *2 (D. Kan. Nov. 1, 2006)).

Although not raised by either party, the subpoenas at issue were served over ten months after the close of discovery in this case. The Seventh Amended Scheduling Order set a discovery deadline of February 6, 2023, and NSU offers no explanation or justification for its untimely issuance of the document subpoenas. Moreover, NSU concedes that it has long been aware of the belatedly requested documents and that the request "is not new." *See* Docket No. 164, p. 3. Thus, notwithstanding the defective nature of the Motion to Quash,[2] the Court has the inherent authority to quash such untimely subpoenas. Although the documents may have already been produced pursuant to the subpoenas, the Court nonetheless exercises its inherent authority and quashes these untimely issued subpoenas.

It is also deeply troubling to the Court that NSU's counsel in particular seems to have engaged in gamesmanship in obtaining the requested documents. NSU's counsel

---

[2] Since 2013, a subpoena must be issued from the court where the action is pending, but a subpoena may only be quashed by a court for the district where *compliance* is required. *See* Fed. R. Civ. P. 45(a)(2), (d)(3). Defendant properly issued the subpoenas from the Eastern District of Oklahoma, *see* Docket No. 161, as the Court where the action is pending. However, both subpoenaed non-parties are located outside of the Eastern District of Oklahoma and the subpoenas facially command compliance in Oklahoma City, Oklahoma. *Id.* Therefore, this Court is not the proper court in which to seek to quash the subpoenas. *See, e,g,, Deselms as Trustee of Anita C. Deselms Living Trust v. Occidental Petroleum Corp.,* 2021 WL 2948747, at *2 (D. Wyo. June 16, 2021) ("[W]here a subpoena-related matter is filed with the issuing court and not the court where compliance is required, the issuing court lacks jurisdiction to decide the matter."); *In re Syngenta Ag Mir 162 Corn Litig.*, 2017 WL 386835, at *1 (D. Kan. Jan. 27, 2017) ("Here, the subpoena served on Mr. Carrato required compliance in San Francisco, California. Because compliance is not required in the District of Kansas, this court cannot quash the subpoena or otherwise provide the relief requested by Monsanto. [] Because this court is without power to quash the subpoena or transfer the motion to itself, the motion is denied without prejudice to refiling in the Northern District of California.").

knew or should have known by January 4, 2024, that the subpoenas were disputed yet ignored the requested meet and confer and apparently did nothing to advise the subpoenaed parties of the dispute. Discovery is controlled by the Court and the parties are not free to engage in discovery at their leisure, on their own timetable or under their own rules. The Court expects better of both parties' counsel than what has been displayed in this matter.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Quash Subpoenas [Docket No. 162] is hereby GRANTED. It is FURTHER ORDERED that any documents obtained pursuant to the quashed subpoenas are to be segregated from other discovery and no such document shall not be admissible as an exhibit in this case without express leave of Court. To obtain leave from the Court, Defendant must, at a minimum, request leave which sets forth: (1) justification for why such document was not sought and obtained during the permitted discovery period; and (2) how such document is relevant to any claim or defense in this case.

**DATED** this 24th day of January 2024.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**